**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 00-4080

CLAUDETTE STAPLETON,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Huntington.
Joseph Robert Goodwin, District Judge.
(CR-99-62)

Submitted: August 10, 2000

Decided: August 28, 2000

Before WIDENER, MICHAEL, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Samuel H. Shamansky, Columbus, Ohio, for Appellant. Rebecca A.
Betts, United States Attorney, Ray M. Shepard, Assistant United
States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Claudette Stapleton appeals her jury convictions of conspiring to distribute and possess with intent to distribute marijuana and conspiring to launder money with intent to promote and carry on a conspiracy to distribute and possess with intent to distribute marijuana. Stapleton argues her trial counsel operated under a conflict of interest that adversely affected his performance.

Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Rather, such a claim is more properly addressed in a collateral proceeding in which counsel has the opportunity to respond to the allegations against him. See United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991). An ineffective assistance of counsel claim may be brought, however, when the record conclusively establishes counsel's representation was constitutionally ineffective. See King, 119 F.3d at 295.

We note the record reveals Stapleton waived her Sixth Amendment right to separate representation after extensive inquiry by the district court and after the court's admonition that she would be wise to retain separate counsel. Furthermore, on this record, we do not find counsel's initial representation of Timothy Stapleton and continued representation of Greg Borders (both co-defendants of Appellant) created an actual conflict of interest or that any potential conflict adversely affected counsel's representation of Stapleton. Thus, Stapleton should assert her ineffective assistance claim in a motion pursuant to 28 U.S.C.A. § 2255 (West Supp. 2000).

We therefore affirm Stapleton's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2